Harold Birns, J.
Petitioner’s application in this article 78 proceeding to vacate and annul respondents’ determination *112 denying petitioner’s application for a service-connected accident disability retirement is denied and the petition is dismissed.
Petitioner applied for accident disability retirement as a result of alleged personal injuries sustained as a result of falling down the steps at a subway station while employed as a transit patrolman, on June 6, 1970. Pursuant to said application, petitioner was physically examined by the medical board of respondent on March 11, 1972 which established that petitioner had a history of “ ulcerative colitis ” for at least one year requiring hospitalization for a total “ colectomy with the establishment of an ileostomy ”. The opinion of said medical board was that there was no accidental factor which may have contributed to the recurrence of petitioner’s chronic disease. Accordingly, petitioner’s application for accident disability retirement was denied.
Upon examination, the record herein adequately supports the findings of respondent. There is substantial credible evidence in said record, in the light of petitioner’s medical history and all the medical reports and findings, to establish a rational basis in support of respondent’s determination that no causal connection exists between petitioner’s injuries sustained on June 6, 1970 and the disability for which he was retired. Respondent’s determination, in accordance with the pertinent provisions of the Administrative Code of the City of New York (§§ B3-1.0 to B 3-54.0) was a proper exercise of its discretion (see Matter of Thomasson v. Valentine, 263 App. Div. 334).
Petitioner makes no showing of any fraud, accident or mistake on the part of the medical board. Moreover, petitioner fails to establish that respondent’s determination was arbitrary, capricious, unreasonable or contrary to law. In these circumstances, the court will not interfere with the administrative process.